53 A.3d 1209

IN THE MATTER OF JOSEPH J. LOWENSTEIN, AN ATTORNEY
AT LAW (ATTORNEY NO. 013281985).

October 18, 2012.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 12–090, concluding that **JOSEPH J. LOWEN-STEIN** of **PATERSON,** who was admitted to the bar of this State in 1985, and who has been suspended from the practice of law since October 23, 2009, should be suspended from practice for a period of three months for violating *RPC* 1.4(b)(failure to keep a client reasonably informed about the status of a matter), *RPC* 1.4(c)(failure to explain a matter to the extent reasonably necessary to permit the client to make informed decisions about the representation), and *RPC* 1.7(b)(conflict of interest);

And the Disciplinary Review Board having further concluded that the period of suspension should be consecutive to the three-month term of suspension ordered by the Court on September 22, 2009 (D–145–08), effective October 23, 2009, and that respondent should not be reinstated to practice until all ethics matters pending against him have been resolved and until he provides proof of fitness to practice law;

And good cause appearing;

It is ORDERED that **JOSEPH J. LOWENSTEIN** is suspended from the practice of law for a period of three months, effective January 24, 2010, and until the further Order of the Court, and it is further

ORDERED that prior to reinstatement to practice, respondent shall submit proof of his fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that on reinstatement to practice, respondent shall practice under the supervision of a practicing attorney approved by the Office of Attorney Ethics for a period of two years and until the further Order of the Court; and it is further

ORDERED that respondent continue to comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.